IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Kayla Denise Bridges, | |
| Plaintiff, | Civil Action File No. |
| vs. | Jury Trial Demanded |
| FM SJ, Inc. d/b/a IHOP 4444, | |
| Defendants. | |

# COMPLAINT

Pursuant to Fed. R. Civ. P. 7, Plaintiff Kayla Denise Bridges ("Bridges") brings this Complaint against Defendant FM SJ, Inc. d/b/a IHOP 4444 ("IHOP 4444") and shows the Court as follows:

## INTRODUCTION

1.

This is an FLSA case. Plaintiff brings this action because IHOP 4444 failed to pay her above or equal to the minimum wage for each hour she worked as established by the FLSA.

**JURISDICTION AND VENUE**

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because IHOP 4444 is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

4.

Bridges resides in DeKalb County, Georgia.

5.

IHOP 4444 is a corporation organized under the laws of the State of Georgia.

6.

IHOP 4444 is subject to the personal jurisdiction of this Court.

7.

IHOP 4444 may be served with process through its registered agent Chaudhry Mazhir Hussain Mazhir located at 5170 Memorial Drive, Stone Mountain, Georgia 30083.

8.

At all times material hereto, Bridges has been an "employee" of IHOP 4444 as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

IHOP 4444 employed Bridges as a server at IHOP 4444 4444 located at 5170 Memorial Drive, Stone Mountain, Georgia 30083 from approximately July 28, 2014 through and until February 8, 2015.

**FACTUAL ALLEGATIONS**

10.

From on or about July 28, 2014 until February 8, 2015, Bridges was "engaged in commerce" as an employee of IHOP 4444. as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a).

11.

At all times material hereto, IHOP 4444 was an "employer" of Bridges as defined in FLSA § 3(d), 29 U.S.C. §203(d).

12.

From on or about July 28, 2014 until February 8, 2015, FM SJ, Inc. was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a).

13.

During 2014, IHOP 4444 had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2015, IHOP 4444 had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2014, IHOP 4444 had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

16.

During 2015, IHOP 4444 had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2014, IHOP 4444 had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.

During 2015, IHOP 4444 had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

19.

At all times material hereto, IHOP 4444 has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

20.

At all times material hereto, Bridges was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

21.

At all times material hereto, FM SJ, Inc. paid Bridges the minimum wage as adjusted by the FLSA tip credit, resulting in a yield of $2.13 per hour.

22.

At all times material hereto, IHOP 4444 required Bridges to enter the amount of tips she received into an IHOP 4444's computer at the end of each shift.

23.

At all times material hereto, IHOP 4444 programmed its computer in such a way that the computer would reject tip amounts that were below a threshold amount.

24.

At all times relevant, IHOP 4444 further programmed its computer system to prevent Bridges from clocking out if it had rejected a tip amount because the tip was below the threshold amount.

25.

As a result, Bridges often reported more tip revenue than she actually received in order to satisfy the requirement of IHOP 4444's computer program.

26.

At all times material hereto, IHOP 4444 deducted $.49 per hour from Bridges' as a charge for an employee meal.

27.

At all times material hereto, IHOP 4444 automatically deducted $.49 per hour from Bridges' as a charge for an employee meal whether or not the employee actually received an employee meal.

28.

Bridges occasionally did not receive an employee meal.

29.

IHOP 4444 nevertheless deducted $.49 per hour from Bridges' pay on shifts when Bridges did not receive an employee meal.

30.

During the relevant time period, IHOP 4444 regularly required Bridges to serve as a dishwasher during a portion of shift.

31.

While working as a dishwasher, Bridges was unable to earn tips.

32.

During the relevant time period, IHOP 4444 failed to compensate Bridges at or above the minimum wage for the time she worked as a dishwasher.

## COUNT I — FAILURE TO PAY MINIMUM WAGE

33.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

34.

At all times material hereto, Bridges has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

35.

From on or about July 28, 2014 through February 8, 2015, IHOP 4444 failed to compensate Bridges at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

36.

From on or about July 28, 2014 through February 8, 2015, IHOP 4444 willfully failed to compensate Bridges at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

37.

Bridges is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

38.

As a result of the underpayment of minimum wages as alleged above, Bridges is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

39.

As a result of the underpayment of minimum wages, IHOP 4444 is liable to Bridges for her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Bridges respectfully prays:

1. That her claims be tried before a jury;

2. That she be awarded an amount to be determined at trial against IHOP 4444 in unpaid minimum wage due under the FLSA, plus an additional like amount in liquidated damages;

3. That she be awarded her costs of litigation, including her reasonable attorneys' fees from IHOP 4444 and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

                                               **DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

| | |
|---|---|
| 3100 CENTENNIAL TOWER | /s/CHARLES R. BRIDGERS |
| 101 MARIETTA STREET | CHARLES R. BRIDGERS |
| ATLANTA, GEORGIA 30303 | GA. BAR NO. 080791 |
| (404) 979-3171 | |
| (404) 979-3170 (f) | /s/ KEVIN D. FITZPATRICK, JR. |
| kevin.fitzpatrick@dcbflegal.com | KEVIN D. FITZPATRICK, JR. |
| charlesbridgers@dcbflegal.com | GA. BAR NO. 262375 |

                                               **COUNSEL FOR PLAINTIFF**