UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **KAYLA DENISE BRIDGES,** )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>**FM SJ, Inc. d/b/a IHOP 4444,** )<br>)<br>Defendant. ) | Civil Action No.<br>1:15-cv-03694-TWT |

**JOINT MOTION FOR COURT REVIEW AND APPROVAL OF THE PARTIES' SETTLEMENT AGREEMENT AND DISMISSAL OF CASE WITH PREJUDICE AND MEMORANDUM IN SUPPORT THEREOF**

COMES NOW, Plaintiff Kayla Denise Bridges, and Defendant, FM SJ, Inc., and file this Joint Motion for Court Review and Approval of the Parties' Settlement Agreement and Dismissal of Case With Prejudice.

## I.   INTRODUCTION

The parties respectfully request that the Court review the terms of the Settlement Agreement (attached as Exhibit 1) and grant the proposed Order approving the Settlement Agreement as per Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982) and dismiss the case *with prejudice* on the grounds fully set forth herein.

## II.   MEMORANDUM OF LAW

The Parties request the Court to review and approve the Settlement Agreement

so that the resolution of this civil action will be in accord with the Eleventh Circuit's decision concerning compromising and/or settling of Fair Labor Standards Act claims, Lynn's Food Stores v. United States, 679 F.2d 1350 (11th Cir. 1982). In Lynn's Food Stores, the Eleventh Circuit set forth two ways in which wage claims arising under the Fair Labor Standards Act (FLSA) may be settled or compromised by employees. The first is through a payment through the Secretary of Labor. The second is for a private suit to be filed by employees and for the settlement to be reviewed and approved by the Court. It is the second of these procedures the parties are following in this case.

The Parties stipulate that they had a bona fide dispute. In this regard, Plaintiff contends that she is owed unpaid minimum wage and overtime hours as a result of deductions from her check for meals and engaging in non-tipped job duties. Defendants dispute the factual support for the claims, and their liability for the claims. In discussing potential early resolution of this matter, Plaintiff and her counsel devoted substantial resources to reviewing Defendants' time and pay documents. Plaintiff compromised her position during the negotiations but she and her counsel believes the eventual settlement was within the range of the evidence available and is reasonable given the information available. In addition, the parties are resolving the matter in order to avoid the cost and time of litigating the issues,

as well as the risks associated with continued litigation, and the settlement reflects a compromise of the disputed claim asserted by Plaintiff.  The parties have been represented by counsel throughout the negotiation of the Settlement Agreement, and Plaintiff has voluntarily released all claims against Defendants and other entities in exchange for sufficient consideration.  Plaintiff is satisfied that the amount she received represents a compromise of her claims for unpaid wages pursuant to the FLSA.

Plaintiffs' counsel states the amount of attorney fees agreed upon is approximately equal 63 percent of the total amount recorded by Plaintiff's counsel at rates reasonable for this District.  Based on the amounts to be paid to Plaintiff, which were negotiated separately, as well as the additional separate amounts to be paid to Plaintiff's counsel for a contractually set payment to attorneys of twenty-five percent of the liquidated damages paid to Plaintiff in consideration of attorney's agreement to advance reasonable costs, counsel for the Plaintiff believes the amount of attorney fees is fair and reasonable.

Counsel for all parties represent that the settlement entered into by the parties was an arms-length compromise, and there was no collusion with regard to the settlement of this matter.  Counsel for the parties also represent that the continuation of this litigation would necessitate further expense necessitating additional

expenditures of costs and attorney's fees.  Counsel for all parties agree that, in their respective opinions, the settlement is fair and reasonable under the circumstances.

WHEREFORE, the parties respectfully request the Court approve the attached Settlement Agreement and dismiss this action with prejudice.

CONSENTED TO BY:

s/ *Martin B. Heller*
Martin B. Heller
Georgia Bar No. 360538
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia  30339-5948
T: 770.818.0000
F: 770.937.9960
E: mheller@fmglaw.com

Attorney for Defendant

/s/ *Charles R. Bridgers*
Charles R. Bridgers
Georgia Bar No. 080791
Delong Caldwell Bridgers & Fitzpatrick
101 Marietta Street NW, Suite 3100
Atlanta, Georgia 30303-2720
T: 404.979.3150; F: 404.979.3170
E: charlesbridgers@dcbflegal.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **KAYLA DENISE BRIDGES,** | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. |
| | ) | 1:15-cv-03694-TWT |
| vs. | ) | |
| | ) | |
| **FM SJ, Inc. d/b/a IHOP 4444,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Upon application of the parties and upon review of the private settlement agreement agreed to by the parties in this action, the Court has reviewed this matter and concludes that the terms of the settlement agreement are the product of arm's length bargaining of qualified counsel and are fair, adequate and reasonable. This Court thereby orders that the above-styled action be **DISMISSED WITH PREJUDICE**.

This the _____ day of _____, 2016.

_____
Thomas W. Thrash, Jr.
District Court Judge, Northern District of Georgia

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **KAYLA DENISE BRIDGES,** | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. |
| | ) | 1:15-cv-03694-TWT |
| vs. | ) | |
| | ) | |
| **FM SJ, Inc. d/b/a IHOP 4444,** | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **JOINT MOTION FOR COURT REVIEW AND APPROVAL** via the CM/ECF system, which will electronically provide a copy to the following counsel of record:

Charles R. Bridgers
Delong, Caldwell, Bridgers & Fitzpatrick
101 Marietta Street NW, Suite 3100
Atlanta, Georgia 30303-2720

This 18th day of March, 2016.

/s/ Martin B. Heller
Martin B. Heller
Georgia Bar No. 360538